**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 28 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

S. SADLOWSKI,

        Plaintiff-Appellant,

v.

MICHAELS STORES, INC.,
a Delaware corporation,

        Defendant-Appellee.

No.    14-56654

D.C. No. 8:13-00455-GW-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and submitted October 17, 2016
Pasadena, California

Before: TALLMAN and CHRISTEN, Circuit Judges, and KENNELLY,[**] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Matthew F. Kennelly, United States District Judge for
the Northern District of Illinois, sitting by designation.

Sophia Sadlowski appeals the district court's decision to grant summary judgment barring her wage-and-hour claims against Michaels Stores, Inc. based on the doctrine of judicial estoppel. We have jurisdiction under 28 U.S.C. § 1291, and we reverse the district court's ruling.

**1.** We review a district court's application of judicial estoppel for an abuse of discretion. *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013). "The district court necessarily abuses its discretion when it bases its decision on an erroneous legal standard." *Id.* (ellipses and internal quotation marks omitted) (quoting *Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012)).

**2.** The district court's ruling was based on Sadlowski's failure to disclose her wage-and-hour claims during her Chapter 13 bankruptcy case, which was ultimately dismissed due to her failure to make required payments. "Although judicial estoppel is 'probably not reducible to any general formulation of principle, . . . several factors typically inform the decision whether to apply the doctrine in a particular case.'" *Id.* (Quoting *New Hampshire*, 532 U.S. at 750-51). These factors include: (1) whether the party's later position was clearly inconsistent with its earlier position; (2) whether the party had succeeded in persuading a court to accept its earlier position, such that accepting an inconsistent position in a later proceeding would create the perception that the one court or the other was misled;

and (3) whether the party asserting an inconsistent position would derive an unfair advantage or impose an unfair detriment on its opponent if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

**3.** In applying this doctrine in the present context, the default rule is that "[i]f a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." *Ah Quin*, 733 F.3d at 271. This is not what occurred here. Although Sadlowski did not disclose her wage-and-hour claim as an asset in her bankruptcy case, the bankruptcy was filed long before her wage-and-hour lawsuit. There was no basis in the record for a finding that Sadlowski was aware of enough facts to know that she had a legal claim against Michaels until she retained legal counsel for the wage-and-hour case in September 2011, about a month before her bankruptcy case was dismissed in October 2011. More importantly, the bankruptcy court never "accepted" or relied upon Sadlowski's nondisclosure of her wage-and-hour claim. She did not receive a discharge, a favorable ruling, or any other benefit; rather, her bankruptcy case was dismissed due to her noncompliance with the Chapter 13 payment plan.

**4.** The district court's ruling amounted to a determination that simple nondisclosure of a potential claim during bankruptcy, without more, estops a party

3

from asserting the claim in a civil suit. The court applied an incorrect legal standard, because it essentially reduced *New Hampshire v. Maine*'s three-factor analysis to a single factor: whether the party took inconsistent positions. No case decided by this Court supports this.

**5.** For these reasons, we conclude that the district court abused its discretion by barring Sadlowski's claims against Michaels on the basis of judicial estoppel. The case is remanded with instructions to deny Michaels's motion for summary judgment. Each party shall bear its own costs on appeal.

**REVERSED AND REMANDED.**